IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v().  Case No. 21-10038-03-JWB

JORGE SANTANA

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to revoke the magistrate judge's detention order. (Doc. 21.) The court held an evidentiary hearing on the motion on June 16, 2021. For the reasons stated herein, the motion (Doc. 21) is DENIED.

**I.  Background**

On May 19, 2021, Defendant was indicted for violations of 21 U.S.C. §§ 841 and 846 for conspiracy to distribute a controlled substance (Count 1), distribution of a controlled substance (Counts 3-5), and possession with intent to distribute (Count 6). (Doc. 1.) Following a hearing on June 2, 2021, Magistrate Judge Gwynne Birzer ordered that Defendant be detained pending trial. (Doc. 20.) On June 7, 2021, Defendant filed a motion for review of the detention order. (Doc. 21.) This court held a hearing on June 16, 2021.

**II.  Standards**

If a person is ordered detained by a magistrate judge, the person may file a motion for amendment or revocation of the order. 18 U.S.C. § 3145(b). The district court's review of a magistrate judge's order of detention or release is de novo. *United States v. Cisneros*, 328 F.3d

1

610, 616 n. 1 (10th Cir. 2003).  A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).  The Federal Rules of Evidence do not apply to detention hearings.  *See* 18 U.S.C. § 3142(f).  The court may allow the parties to present information by proffer or it may insist on direct testimony.  *See id*.

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).  In making this determination, the court must consider the available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense for which the maximum sentence is life imprisonment or an offense for which a maximum term of imprisonment of ten years or more

is prescribed by the Controlled Substance Act, 21 U.S.C. § 801, et seq.  *See* 18 U.S.C. § 3142(e)(3)(B); *see also United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991) ("upon finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community").

"A grand jury indictment provides the probable cause required by the statute to trigger the presumption."  *United States v. Walters*, 89 F. Supp.2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)).  The grand jury indictment in this case charges Defendant with offenses which carry a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act, and thus raises the rebuttable presumptions of risk of flight and danger to the community.  *Id*.

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence.  *Stricklin*, 932 F.2d at 1354-55.  Even if Defendant overcomes the presumption, the presumption remains a factor in the court's detention decision.  *Id*.  The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community.  *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002) (burden of persuasion regarding risk of flight and danger to community always remains with government).  The government must prove by a preponderance of the evidence that Defendant presents a risk of flight and by clear and convincing evidence he poses a danger to any other person or the community.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

**III.    Analysis**

    **A.    Nature and Circumstances of the Offense**

The charged drug counts have a maximum term of ten years or more, thereby triggering the rebuttable presumption for detention. This factor favors detention.

B.     **Weight of the Evidence**

The government's proffer indicates the evidence against Defendant is strong. During the hearing, the government stated the methamphetamine distribution charges will be established through the testimony of an undercover agent who purchased the drugs from Defendant. Further, Defendant was allegedly found in possession of over 200 grams of methamphetamine when he was arrested on September 25, 2020. This incident forms the basis of the charge in Count 6 of the indictment. In sum, the weight of the evidence on the foregoing charges weighs strongly in favor of detention.

C.     **History and Characteristics of Defendant**

Defendant is single with no children. Defendant is a lifelong Wichita native and his family is in the Wichita area. Defendant has lived with his father, Juan Santana, for the last six months. If released, Defendant will live with his father in Wichita, Kansas. Prior to his arrest, Defendant had recently become a self-employed framing contractor after having spent approximately five years working for other contractors. Defendant has a crew of three individuals and, if released, plans to continue this work. Defendant's family ties to Kansas suggest that he is not a flight risk and provides "some evidence" to overcome his presumptive flight risk. *See Stricklin*, 932 F.2d at 1355.

However, Defendant was employed in this capacity at the time of the alleged offenses, which indicates his present job may not have been effective at deterring him from criminal activity. As shown by the Probation Office's bond report, Defendant has a significant and continuous

criminal history, including felon in possession of a weapon convictions in 2015[1] and 2017. Defendant failed to comply with probation orders and absconded multiple times in those state cases. Moreover, Defendant had a failure to appear, leading to a warrant for his arrest, as late as August 2020. Defendant's performance on bond in the past suggests that imposing conditions of supervision has done little to assure Defendant's compliance or the safety of the community. Collectively, these factors weigh strongly in favor of detention despite the court finding Defendant met his burden of production to rebut the presumption that he is a flight risk.

### D. Danger to the Community

Even if the court did not find Defendant is a flight risk, based upon the evidence proffered at the hearing and the record before the court, the court finds he poses a danger to the community. Before releasing Defendant on any set of conditions, the court must be satisfied that Defendant will not pose a danger to any other person or to the community. *See* 18 U.S.C. § 3142(b). "The concern about safety is to be given a broader construction than the mere danger of physical violence . . ." *United States v. Gilliard*, 722 F. App'x 818, 821 (10th Cir. 2018) (citing *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).

As previously discussed, Defendant has a significant and continuous criminal history that has progressively escalated in severity. Defendant has now been charged with distribution of large quantities of methamphetamine. This supports a finding of danger to the community. *See United States v. Pina-Aboite*, 97 F. App'x 832, 2004 WL 1053235, *3 (10th Cir. 2004) (holding large quantity of methamphetamine supported finding that Defendant would continue to engage in drug trafficking). The court finds that the government has established by clear and convincing evidence

---

[1] Defendant was adjudicated as juvenile offender for the possession charge arising out of the March 2015 incident. However, Defendant ran from authorized placement and was charged as an adult for possession of a weapon in December 2015.

that there are no conditions of release which will ensure the safety of the community.  18 U.S.C. § 3142(f)(2)(B) (requiring facts concerning safety of the community be supported by clear and convincing evidence.)

### IV.     Conclusion

Based upon the court's de novo review, the court concludes that the government has carried its relevant burdens to show that there is no condition or combination of conditions that would assure the appearance of the defendant as required and the safety of others and the community if Defendant were released pending trial.  Accordingly, Defendant's motion (Doc. 21) is DENIED.

IT IS SO ORDERED this 22nd day of June, 2021.


                                                                         s/ John W. Broomes  
                                                                         JOHN W. BROOMES  
                                                                          UNITED STATES DISTRICT JUDGE