IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No.  21-10038-03-JWB

JORGE SANTANA,

    Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to modify his money forfeiture judgment payments by deferring payments until after Defendant's release from prison.  (Doc. 92.) For the reasons stated below, the motion is DENIED.

On January 10, 2022, Defendant Jorge Santana pled guilty to Count 1 of the indictment against him: Count 1 charged Defendant with conspiracy to distribute a controlled substance under 21 U.S.C. § 846.  (Doc. 1 at 1; Doc. 53 at 1.)  Defendant was committed to a term of imprisonment of 121 months, and upon release, to a 5-year term of supervised release.  (Doc. 53 at 2–3.) Defendant was also subject to a money forfeiture judgement which required him to pay $11,400 to the United States, with payment beginning immediately.  (*Id*. at 7.)

Defendant filed a motion to modify the forfeiture judgment payments due in this case on June 24, 2024.  (Doc. 92.)  In his motion, he requests that payments on this judgment be deferred until after his release from prison.  (*Id*. at 1.)  He additionally states that he is only making $10 a month while in prison, and his "intention is to set up a proper payment amount once released." (*Id*.)

In asking this court to change the schedule of payments for his money forfeiture judgment,

1

Defendant is functionally requesting a modification of his sentence, as the imposition of the money forfeiture judgment was part of his criminal conviction.  *See, e.g.*, *Dawson v. Colorado Dep't of Corr. ex rel. Ortiz*, 75 F. App'x 735 (10th Cir. 2003).  As such, the court requires a specific statutory grant of subject matter jurisdiction to amend a previously entered criminal sentence. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Defendant has failed to provide any statutory authority for the court to modify his sentence as he requests.  Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (internal citations omitted).  "[T]he court cannot take on the responsibility of serving as [a defendant's] attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).[1]

Thus, the court concludes that Defendant failed to provide a sufficient statutory basis for modifying his sentence, including the money forfeiture judgment ordered in this case.  Therefore, Defendant's motion to modify money forfeiture judgment payments by deferring payment until after his release from prison (Doc. 92) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.  Dated this 21st day of October, 2024.

      s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, if Defendant wanted to make a change to his sentence pursuant to Fed. R. Crim. P. 35, he had 14 days after final sentencing to amend or appeal his sentence. This present motion was filed well after the 14-day requirement and as such is untimely.  *See, e.g.*, *United States v. Libretti*, 38 F.3d 523, 527 n.4 (10th Cir. 1994).